LATTA et al v. SARAH E. SUMEROW, adm'x, et al.

1. ADMINISTRATION. *Insolvent estates. Statute of limitations.* The failure to file a claim in an insolvent proceeding within two years and six months from the grant of administration, will not of itself be a bar where a separate suit has been brought in due time and prosecuted to judgment.

2. SAME. *Same. Same.* Upon the filing of an insolvent bill in Chancery the Chancellor may enjoin the further prosecution of *pending* suits, and a judgment taken in violation of the injunction is not conclusive evidence of the claim, but the claim is not for that reason alone to be rejected.

3. Case modified. *Martin v. Blakemore,* 5 Heis., 50 : in accord *Bibb and Hudson v. Tarkington,* 2 Lea. 21.

FROM LAUDERDALE.

Appeal from the Chancery Court at Ripley. H. J. LIVINGSTON, Ch.

THOMAS STEELE for Complainants.

LYNN, OLDHAM & CONNOR for Defendants.

McFARLAND, J., delivered the opinion of the Court.

This is an insolvent bill and comes before us upon the appeal of Jo. W. Enochs, whose claim was disallowed. Jesse M. Sumerow died intestate in Lauderdale County, and Sarah E. Sumerow was appointed administratrix of his estate, and, on the 1st of April, 1876, suggested the insolvency of the estate to the Clerk of the County Court.

On the 7th of July, 1877, the present bill was filed by the complainants in behalf of themselves and all other creditors of the estate, who might come in and make themselves parties, for the purpose of administering the estate as an insolvent estate in the Chancery Court, making the necessary allegations to give the Court jurisdiction.

At the May term, 1878, the Chancellor pronounced a decree adjudging that the bill was properly filed, and "sustaining" it as an insolvent bill, transferring the administration from the County to the Chancery Court, and "enjoining" all suits at law and other suits "in equity," and requiring all creditors to come in, file their claims and have themselves made parties within five months, and at the same time referred the cause to the Master for a general account.

Notice of this decree was ordered to be published for four successive weeks in a newspaper, which was done.

In 1872 James W. Enochs filed his bill in the Chancery Court, at Dyersburg, for a settlement of a partnership between himself and Jesse M. Sumerow, who, being then alive, appeared and answered the bill in person. The cause progressed and was still pending when said Sumerow died, and it was revived against the said Sarah E. Sumerow, administratrix, at the August term, 1876.

Subsequently a decree for an account was rendered, which was affirmed in this Court at the April term, 1878, and the cause remanded, and a final decree was rendered on the 21st of April, 1879, in favor of the complainant for $1,096.20 and costs, which was ordered to be certified to the County Court of Lauderdale County, the decree reciting that the insolvency of the estate had been suggested in that Court. Soon after, on the 27th of May, 1879, the decree was presented by petition in the present cause by the said James W. Enochs, Rupert Levy and Jo. W. Enochs, in which it is represented that the claim belongs to the said Jo. W. Enochs, to whom it has been assigned by Levy, the assignee in bankruptcy of the original complainant, in that cause, James W. Enochs.

It is further stated in the petition that the cause was prosecuted in the Chancery Court, at Dyersburg, by the consent, express or implied, of

Latta *v.* Sumerow.

the parties on both sides, for the purpose of set-
tling the rights of the parties without notice of
the insolvency of the estate; that in fact they
knew nothing of the pendency of the present in-
solvent bill; that the administratrix permitted the
cause to proceed without notice or suggestion that
such a bill had been filed; that the final decree
in the cause was drawn by one of the complain-
ants and solicitors in the present cause; that the
lands have been sold under a decree in the cause,
but the fund has not been collected, and of course
has not been distributed, nor has a *pro rata* been
declared.

An order was entered making petitioners parties,
and referring the claim to the Master for a report.

The Master reported, rejecting the claim, setting
forth as his reasons the facts hereinbefore stated,
and concluding that as the claim had not been
filed either in the County Court or in the Chan-
cery Court within two years and six monts from
the qualification of Sarah E. Sumerow, as admin-
istratrix—the petitioners being residents of the
State—and the complainants in this bill and said
administratrix relying upon the statute of limita-
tions, the claim should on this ground be rejected.
This report was sustained by the Chancellor, and
the petitioner, Enochs, has appealed.

We think the decree is erroneous. It is well
settled that the statute of two and three years in
favor of personal representatives applies as well to
claims against an insolvent estate as any other,

and unless suit be brought within the time lim-
ited, or excused by request for delay, the demand
will be barred. . After suggestion of insolvency
and notice, or the filing of an insolvent bill, cred-
itors who have not previously sued can only prose-
cute their claims by filing them and becoming par-
ties in the insolvent proceeding in the mode pointed
out by the statute. This then becomes the only
mode in which they can sue, and their claim must
in this mode be made within the time prescribed
by .law, that is, within the period of limitation for
suits against administrators or executors, two years
and six months for residents, and three years and
six months for non-residents. But, where suits
have already been brought within the time, and
before suggestion of insolvency or the filing of an
insolvent bill, the question of the statute of limita-
tions is at an end, for there is but the one statute,
and the creditor having complied with its require-
ments his claim is saved from the bar, he is . not
required to bring another suit, if his first is right-
fully brought.

Section 2376 of the Code, in the chapter relat-
ing to insolvent proceedings in Chancery, enacts
that all creditors who fail to bring suit or come
in under these proceedings within " the time pre-
scribed by law," shall be barred. " The time pre-
scribed by law" meaning the statute of limitations.
That is to say, creditors who have not previ-
ously sued must sue by coming in the insolvent
proceeding within the time. Where, however, suits

Latta *v.* Sumerow.

have been previously brought and are pending, there is no new statute by which they are to be barred for failing to file the claim in the insolvent proceeding within the time limited after the qualification of the personal representatives.

Where the insolvent proceeding is conducted in the County Court, suits pending at the time of the suggestion of insolvency are allowed to proceed to judgment, then to be certified to the County Court. The suggestion of insolvency and advertisement operates of itself as an injunction against bringing new suits, but not against the prosecution of pending suits: Code, secs. 2332, 2333.

Where, however, an insolvent bill is filed the Chancellor may enjoin the prosecution of *pending* suits or order them dismissed, and require all creditors to have their claims adjudicated in the one proceeding, if, in his opinion, it is proper to do so. Or, on the other hand, he may allow the separate prosecution of such suits as may seem most convenient, or rather, such as it may seem to him inconvenient to have adjudged in the insolvent proceeding: Code, 2383, 2384.

Whether the bill of Enochs in this case was prosecuted in violation of the injunction contained in the Chancellor s decree in the present case of the May term, 1878, we need not definitely settle. The Chancellor has not decided the question. Enochs was not made party to the present bill by name, nor is his claim or suit referred to in the bill. We have only the general injunction. If the

allegations of the petition be true, it would seem clear that there was no purpose to violate the injunction, but the parties and their solicitors, part of whom were solicitors in the present case, by mutual consent, chose to regard the injunction as not applying to the further prosecution of that cause, and this was a reasonable conclusion, inasmuch as it was, no doubt, a case from its nature, proper to be separately prosecuted, and the Chancellor would have so ordered had application been made to him. At all events, if it be conceded that the decree was taken in violation of the injunction, it would not affect the statute of limitations. The suit would still be pending and subject to adjudication. The only effect would be that the decree would, upon proper application, because of the violation of the injunction, be set aside and the parties allowed to contest the claim again. *Bibb and Hudson* v. *Tarkington*, 2 Lea, 21.

The decree appealed from is against the claim alone upon the statute of limitations, and this is the question before us.

We do not mean to intimate that the Chancellor may not peremptorily require all claims, whether in pending suits or not, to be brought into the insolvent proceeding within a period he may fix, not short of the statute of limitation, and proceed finally to distribute the fund among the claims filed and allowed, without regard to those who fail to come in within the time: *Campbell* v. *Hancock*, 7 Hum. 75.

Latta *v.* Sumerow.

The Chancellor did not predicate his action upon this ground, and probably should not have done so, inasmuch as the claim was presented before the fund was ready for distribution, or before a *pro rata* was allowed. If the Chancellor's original decree of May 1878, which required all claims to be filed within five months, was intended as a peremptory order, applicable as well to creditors who had pending suits as others, still in view of the statements of the petition that all parties had regarded it otherwise as to the Enochs case, the Chancellor should, and no doubt would have extended the time for filing the claim so as as to allow it to be filed and participate in the distribution, if indeed it may not be imperative upon him to do so: *Akers* v. *West*, 1 Bax., 21.

The Chancellor regarded himself bound by the peremptory bar of the statute, and upon this ground alone rejected the claim. His action was, no doubt, founded upon the authority of *Martin* v. *Blakemore*, 5 Heis. 50, and the theory and reasoning of that opinion does sustain his conclusion, but I am informed by Judge Freeman, who delivered that opinion, that upon a petition to rehear, he prepared another opinion reaching the same result, upon different grounds, warranted by the facts of the case, and that the former, instead of the latter opinion, was inadvertently published. The theory and reasoning of the opinion, as published, upon the point indicated, should therefore not be followed.

The decree of the Chancellor will be reversed and the cause remanded. The petitioner paying the costs of this court with a decree over for the same against the administrator.